UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

HAPAG-LLOYD AKTIENGESELLSCHAFT,

    Plaintiff,

v.                                            Civil Action No.: 2:21cv306

NORFOLK SOUTHERN CORPORATION,

Serve:  Norfolk Southern Corporation
        c/o Joseph H. Carpenter IV, Registered Agent
        Three Commercial Place
        Norfolk, Virginia 23510

    Defendant.

## COMPLAINT

Despite clear agreement and demand, Defendant Norfolk Southern Corporation refuses to arbitrate seven claims for cargo damage with Hapag-Lloyd Aktiengesellschaft ("Hapag"). Hapag comes before the Court solely to compel the required arbitration. In support of its case for compelling arbitration, Hapag, by counsel, alleges:

### JURISDICTION, PARTIES & VENUE

1. At all times material, Hapag was and is a corporation organized and existing under the laws of a foreign country with its principal place of business at Ballindaum 25, D-20095 Hamburg, Germany.

2. Norfolk Southern is a corporation incorporated under Virginia law with its principal place of business in Norfolk, Virginia.

1

3. Jurisdiction is proper under 28 U.S. Code § 1332 because there is a diversity of parties and the amount in controversy is in excess of $75,000. Jurisdiction is further proper under 9 U.S. Code § 203 because Congress has provided subject matter over the enforcement of arbitration agreements where one party is not a citizen of the United States.

4. Venue in this District is proper because Norfolk Southern is a resident of this District, events related to this case occurred within the District, and because the parties contractually agreed suits between them could be brought in this Court.

## FACTUAL BACKGROUND

5. Hapag is and was a business entity engaged in the common carriage of cargo by ocean for hire and intermodal transport involving pre-carriage and on-carriage transport to and from seaports.

6. Hapag and Norfolk Southern entered into an Intermodal Transportation Agreement ("Intermodal Agreement") dated October 28, 2015 that provided, in relevant part that "the liability of NS for loss of or damage to lading moving pursuant to this Agreement shall be as established by Section 8 of Rules Circular except as set out in this provision."

7. Section 8 of the Rules Circular provided in relevant part that:

If an amount in dispute between NS and claimant is less than $100,000, both claimant and NS shall have a right to mandatory arbitration under "Other Rights and Responsibilities" section, and claimant will not file any lawsuit against NS or any NS Carrier, except as may be necessary to require NS or a NS Carrier to comply with the arbitration provisions of this "Other Rights and Responsibilities" section. For purposes of this Section 8.7.6, the phrase "amount in dispute" shall mean the difference between the amount of the claimant's claim and the amount NS or any NS Carrier has agreed to pay on such claim (if anything). This agreement to arbitrate and waiver of right to sue for an amount in dispute that is less than $100,000 may be enforced by an action for injunction or specific performance.

8. Section 8 of the Rules Circular further provides that "In the event of arbitration, NS will select a forum and procedure which will provide competent, impartial, and independent arbitrator(s)."

9. In and about January 2018, Hapag was the intermodal transport bill of lading issuer for a number of cargo containers that were to be transported from Europe to the United States.

10. The subject containers were loaded by shippers or shippers' agents and tendered to Hapag at the Port of Antwerp, Belgium, in apparent good order, for ocean transport to the Port of Norfolk in Virginia and inland on-carriage to points within the United States.

11. After successful ocean carriage, certain containers were discharged at the Port of Norfolk and were to be carried inland by Norfolk Southern by railway transportation to Chicago, Illinois.

12. While en route to Chicago, the Norfolk Southern train derailed near Bellevue, Ohio, on or around January 22, 2018, resulting in the alleged damage or loss of multiple containers of cargo.

13. Hapag has received claims from several cargo interests associated with alleged lost and damaged containers seeking recovery of damages from Hapag under the Hapag bills of lading.

14. Consistent with the terms of the Intermodal Transportation Agreement ("Intermodal Agreement"), and meeting all conditions precedent and contractual requirements for claims, Hapag filed a claim with Norfolk Southern for each container damaged aboard the derailed train.

15. Norfolk Southern denied each and every claim and refused to defend or indemnify Hapag regarding the damage.

16. The cargo claims against Hapag were subject to German law and a venue provision of the Hapag Bill of Lading. Specifically, the Hapag bill of lading provides at Clause 25 that any claims must be brought in the Hamburg courts.

17. Hapag was able to successfully settle some of the cargo damage claims, but regarding others, Hapag was named in a series of lawsuits concerning the damage to containers aboard the Norfolk Southern train. Hapag was able to successfully settle all the suits.

18. Consistent with the terms of the Intermodal Agreement, and meeting all conditions precedent and contractual requirements for claims, Hapag timely demanded arbitration of each and every claim listed below. Norfolk Southern has refused to pay or arbitrate the claims.

## THE CLAIMS AT ISSUE

19. Cargo was damaged, and a timely claim was filed with Norfolk Southern concerning N.S. Claim #896747I. The claim was settled with the cargo owner for the amount of $54,591.80, and costs to mitigate those damages were incurred in the amount of $15,192.42. Hapag Lloyd timely demanded arbitration of N.S. Claim #896747I on April 1, 2019. Norfolk Southern refused, and continues to refuse, to arbitrate the claim despite its clear agreement in the Intermodal Agreement to arbitrate such claims.

20. Cargo was damaged, and a timely claim was filed with Norfolk Southern concerning N.S. Claim #896746I. The claim was settled with the cargo owner for the amount of $54,591.80, and costs to mitigate those damages were incurred in the amount of $15,192.42. Hapag Lloyd timely demanded arbitration of N.S. Claim #896746I on April 1, 2019. Norfolk Southern refused, and continues to refuse, to arbitrate the claim despite its clear agreement in the Intermodal Agreement to arbitrate such claims.

21. Cargo was damaged, and a timely claim was filed with Norfolk Southern concerning N.S. Claim #896748I. The claim was settled with the cargo owner for the amount of $54,591.80, and costs to mitigate those damages were incurred in the amount of $15,192.42. Hapag Lloyd timely demanded arbitration of N.S. Claim #896746I on April 1, 2019. Norfolk refused, and continues to refuse, to arbitrate the claim despite its clear agreement in the Intermodal Agreement to arbitrate such claims.

22. Cargo was damaged, and a timely claim was filed with Norfolk Southern concerning N.S. Claim #897495I. The claim was settled with the cargo owner for the amount of $20,000, and the costs to mitigate those damages were incurred in the amount of $4,324.36. Hapag Lloyd timely demanded arbitration of N.S. Claim #897495I on June 3, 2019. Norfolk Southern refused, and continues to refuse, to arbitrate the claim despite its clear agreement in the Intermodal Agreement to arbitrate such claims.

23. Cargo was damaged, and a timely claim was filed with Norfolk Southern concerning N.S. Claim #897433I. The claim was settled with the cargo owner in the amount of $2,500. Hapag Lloyd timely demanded arbitration of N.S. Claim #897433I on June 3, 2019. Norfolk Southern refused, and continues to refuse, to arbitrate the claim despite its clear agreement in the Intermodal Agreement to arbitrate such claims.

24. Cargo was damaged, and a timely claim was filed with Norfolk Southern concerning N.S. Claim #897575I. The claim was settled with the cargo owner for the amount of $12,276.00, and costs to mitigate those damages were incurred in the amount of $22,789.70. Hapag Lloyd timely demanded arbitration of N.S. Claim #897575I on June 3, 2019. Norfolk Southern refused, and continues to refuse, to arbitrate the claim despite its clear agreement in the Intermodal Agreement to arbitrate such claims.

25. Cargo was damaged, and a timely claim was filed with Norfolk Southern concerning N.S. Claim #897556I. The claim was settled with the cargo owner for the amount of $32,684.05, and costs to mitigate those damages were incurred in the amount of $18,735.86. Hapag Lloyd timely demanded arbitration of N.S. Claim #897556I on January 17, 2020. Norfolk Southern refused, and continues to refuse, to arbitrate the claim despite its clear agreement in the Intermodal Agreement to arbitrate such claims.

### RELIEF REQUESTED

26. The Intermodal Agreement, including the Rules Circular, is a valid agreement that compels arbitration in the above-listed claims.

27. As of the date of this Complaint, Norfolk Southern has not proceeded to arbitration on any of the seven claims and refuses to name an arbitrator or otherwise follow the parties' agreement upon receiving the above-referenced notices.

28. Having agreed to arbitrate each of these claims as part of the Intermodal Agreement, and having refused to do so, Norfolk Southern should now be compelled by order of this Court to arbitrate each claim under 9 U.S.C. § 4, 9 U.S.C. § 206, and/or NY CPLR § 7503 (2012). The parties' Intermodal Transportation Agreement calls for application of New York law, so NY CPLR § 7503 (2012) is applicable.

29. Further, because Norfolk Southern has refused and otherwise failed to name an arbitrator as required under the Intermodal Transportation Agreement, the Court should appoint such an arbitrator pursuant to 9 U.S. Code § 5, 9 U.S. Code § 206, and/or NY CPLR § 7504 (2012). In the interest of efficiency, Hapag proposes that a single arbitrator be appointed to hear each of the seven claims.

WHEREFORE for the foregoing reasons, Hapag-Lloyd Aktiengesellschaft, by counsel, hereby prays that this Court enter an order compelling Norfolk Southern to submit to arbitration for the above-listed matters and for any other further relief it deems appropriate.

Dated: June 1, 2021

                              Respectfully submitted,

                              HAPAG-LLOYD AKTIENGESELLSCHAFT

                              /s/ *Dustin M. Paul*
                                      Of Counsel

Edward J. Powers, Esq. (VSB No. 32146)
Dustin M. Paul, Esq. (VSB No. 75287)
Jennifer L. Eaton, Esq. (VSB No. 87491)
Vandeventer Black LLP
101 West Main Street, Suite 500
Norfolk, VA  23510
Telephone:  (757) 446-8600
Facsimile:  (757) 446-8670
epowers@vanblacklaw.com
dpaul@vanblacklaw.com
jeaton@vanblaclaow.com
*Attorneys for Plaintiff*

4826-2932-2216, v. 1